under advisement thanks to all counsel and we'll move on to the final case of the day Madison against the Department of Labor and we'll hear from mr. Hoffman good morning may it please the court Jordan Hoffman on behalf of petitioner Madison this was a case that arose out of a whistleblower case filing filed at OSHA in which a complaint was filed against chemical logistics company a company that was a captive warehousing company for Mars Inc. which we filed a retaliation complaint for alleging falsification of documents violation of health and safety regulations cross-contamination in vermin infestations amongst other situations the initial investigation went unfavorably against us and it proceeded to go to the administrative law judge judge Sellers as we were preparing to proceed to a formal hearing there was a previous motion for summary judgment that was denied as being too close to the initial hearing to have it heard but there was an extension of time granted to Ken counsel which to which we agreed and then they at that point asked for the initial motion for a summary decision to be reconsidered it was and judge Sellers made a ruling that was unfavorable to my client in which he found that there was no basis for her to have a claim for retaliation in that there was no pretext we filed a petition for review that we alleging certain errors by judge Sellers relative to him fact-finding not weighing all the evidence relative to rule 56 affidavits in support of the summary decision affidavit that we felt were not in compliance because either the affidavits didn't have the requisite knowledge themselves or they didn't attach documents supporting that ultimately when the decision was issued on November 22nd it was sent to a former address of my office even though the ALJ's office did have the current address. In exploring that is it correct that they got documents to you was it nine times at the right address before this date or how many times was it? Well we had they never sent as far as I can recall if they had actually sent any documents to the current address but they were certainly aware of it the what we had said in the briefs were there was communication both from our office and from Jackson and Lewis relative to the proceedings which clearly shows certificate of service showing the current address so they were aware of it and similar to a situation of in the case involving Jones versus Flowers the Arkansas case where there was taking of the property for taxes we felt as though we believe that in this situation they had to do more than just send it out by regular mail now the case really turned on the email sent December 1st of 2017 in which I was copied on which mentions the decision doesn't mention when it was rendered doesn't say in whose favor it was rendered didn't attach the decision but they attribute that email as knowledge to me of being happy to having to have been able to have filed a petition for review within the 14-day limitations time we believe that that particular notice does not stand constitutional muster based upon the lane versus Hannibal Trust, Mennonite, Jones and several other cases because it wasn't reasonably calculated to be able to apprise us of what actions we needed to be able to take within that time period and nor was it meaningful or timely. In addition in the previous motion for the previous motion for summary decision in which Judge Sellers denied that motion he issued an order that there was to be no electronic communication from either one of the parties as neither one of the parties had applied to be able to file anything electronically or to do anything by email and so that that particular communication was forbidden. The December 1st email was sent by Jackson and Lewis in which they copied me and this was of the of the order on December 1st and I should have been able to have known what to do at that time. They likened my conduct as being dilatory or akin to malpractice. Counsel cited cases Yon-Guo, I'm not sure if I pronounce that correctly but that was a case involving a petition to reopen an previous counsel had committed malpractice in which that counsel based upon I suppose the Yon-Guo not having to retain them soon enough not being able to find out what the basis for their claim was. Those claims, Lombardi, Ulbricht, all of these situations involved situations where lawyers waited in some things and neither one of these cases were there extraordinary circumstances that were outside the control of those counsels. Namely a situation as in this where there was error committed by the very agency in which they sent the defective service to my old office when they had that that knowledge. Then there was an order in place in which they weren't supposed in which the other side wasn't supposed to send it neither side was supposed to send any kind of communication out. Then they attribute the communication in the December 1st email to me that was in contribution of Judge Sellers order of August 16th and I believe that's in the separate appendix on page 89 if I'm correct. So all of these things none of these particular instances where this service was made was could meet constitutional muster. There was no certificate. Had you provided a formal notice of address change to the agency? I had not done that I don't believe I'm not certain but we had communicated there was a conference that we had. The only emails that were sent between the ALJ's office and my office and the other office were to arrange conference call. We had a conference call in which an order was entered regarding scheduling of the hearing and I did not receive the order. I brought it to the ALJ's office attention and I sent them my address in the email. I didn't send the formal I'm not sure if I had a formal appearance to begin with in this case because I wasn't counsel at the initiation of it I think was initiated pro se. So but they certainly were aware and there was a substantial communication between both my office and Jackson Lewis offices to the ALJ's office indicating that this change had occurred. The certificate of service that they attached was wrong. It's when they sent it out again and cases have suggested that a certificate of service is not a mere technical requirement that you know it is something that's part of initiating a lawsuit. It's akin to a return in a situation where if you're serving a lawsuit to someone to know that there's an acknowledgment and we believe that in this particular case that didn't happen and the service didn't meet constitutional muster. It wasn't even as reliable as a posting or. I want to save a moment for rebuttal. Thank you. Okay. Thank you. Ms. Almonte. Good afternoon your honors. Rosemary Almonte for the Department of Labor. May it please the court. Although the petitioner incorrectly frames this issue in her appeal of the ARB's decision to dismiss her whistleblower case as one of due process, the court should affirm that decision because the ARB correctly found that Madison's petition for review was untimely filed and because it was well within the ARB's discretion to hold that the circumstances surrounding her untimely filing did not warrant equitable tolling of the limitations period. You know given the OALJ's duty to serve Ms. Madison's counsel with a copy of the AALJ decision, why should why should we say that the 14-day period began to run? Well, there there's no question that the office of the AALJ aired once in failing to send the copy of the decision by hard copy to the correct address on at least noticed that a decision had been rendered when her counsel received an email on December 1st stating very clearly that it dealt with her case and that also stated the decision had been issued. Now in that there. But that email didn't come from the OALJ. That's correct. That's right but in the under the equitable tolling standard the question is whether the whether one whether there were extraordinary circumstances that prevented the petitioner from filing and two whether the petitioner exercised due diligence when it did become aware of circumstances that prevented filing. That's important to note that the precedent that my esteemed counsel opposing counsel cited Yan Gao dictates that if a petitioner if an appellant finds out that there is a deadline in play while that deadline is still open and they have time to file a motion for an extension it's highly unlikely that equitable tolling will apply and the reason for that is in the citation for Yan Gao v. Mukasey 519 F3D 376 at 377 and that's a case from the circuit 2008. And that's because if the petitioner could have gotten an extension of time or asked for an extension of time then that would be the required due diligence that would be shown and in absence of that that means that the petitioner has failed to demonstrate that aspect of entitlement to equitable tolling. So it's electronic service how do we factor that into the diligence analysis? I think the fact that they had not exercised that Madison had not consented to electronic service factors into the decision to which the ARB did also consider in its decision it discussed in its decision denying the petition for review on reconsideration it discussed the fact that even if it restarted the timeline for the limitations period from December 1st Madison still filed her petition after that timeline. Madison filed her petition on December 17th which would fall two days after the 14-day period if the 14-day period were restarted from December 1st. I mean that's part of why this course should affirm the ARB's decision because although Madison has put forth many arguments about why she is entitled to an extension of that time after the fact the ARB addressed the fact that Madison did have reasonable notice that a decision had been rendered. What day did the ALJ's office properly serve Ms. Madison's attorney? December 1st and that was the postmark demonstrates that December 1st or December 6th? December 1st. December 6th was a date that received that second mailing. And the mail is going from Cincinnati to Aurora? I am not positive on that but I believe you're probably correct. December 1st is the day that opposing counsel sent the note. Yes, two things happened on December 1st opposing counsel both emailed the office of the ALJ and petitioners counsel and also on December 1st the office of the ALJ re-mailed the decision that had been sent back. And I think the other thing they re-mailed. That's correct. But the thing the important thing to note is that the petitioner already knew both that the decision had been mailed and re-mailed and returned rather and the petitioner also knew that the decision had been rendered and also knew the consequences of that potential decision and which also makes it distinguishable from other due process issues for example where the opposing counsel noted that a certificate of service must be sufficient when serving a complaint. In this case there was no question as to the stakes of the matter because on October 2nd about two months before the order was rendered the decision was rendered petitioners counsel had filed with the ALJ a response to the motion for summary decision on reconsideration. So from October 2nd to the point where they received an email on December 2nd stating that a decision had been rendered there wasn't very much question as to what the matter what the subject matter was and there wasn't any question that a decision against her could end her case because it was on a motion for a summary decision. And so the other important thing to know is that the ARB the ARB's decision is reviewed under an abusive discretion standard and when considering the petition for review and it issued an ordice to show cause and allowed Madison to explain what the delay was and after Madison provided the explanation it also decided that Madison had reasonable notice that a decision had been issued and that Madison should have at that point exercised due diligence not in so many words but in the language of the Seventh Circuit's standard exercised due diligence to find out what the decision that had been rendered was and what next steps she should have her counsel should have taken to protect her rights in the matter. In the spirit of a hypothetical what if Ms. Argenteri from Jackson Lewis had not corrected Ms. Cook the paralegal by adding the T to Mr. Hoffman's email an hour later? So on December 6th when Madison received the decision it would have been incumbent on him to then find out appraise himself of what the applicable deadlines were and although it would have been a different situation in terms of whether equitable tolling would have been merited but he still would have had to exercise due diligence after finding out that this decision was dated November 22nd. That would be the 14th day? That would be the 14th day. And then according to the August 16th order and I'm at supplemental appendix 80 Mr. Hoffman cited at 89 he's not allowed to file anything electronically so again we're within the hypothetical world but you can see how there's a argument that there's a whipsaw there because he can't file a motion for an extension electronically. Well not electronically but I'm sure that the ARB would have been able to at least take into account that he would have filed it by mail right and the ARB would have had access to that information. It certainly is in a situation where the ARB is in again the ARB did consider all of the circumstances and did consider the error on the part of the office of the ALJ but because there wasn't that exercise of due diligence that was the issue the biggest issue really for the ARB because it was within assertion to find that Madison was not entitled to equitable tolling because her counsel quote simply waited around hoping for the decision to be delivered in time for the filing of a timely petition unquote and that's at the required appendix at 2. And so in the situation in the fact with the facts that the ARB was presented it was reasonable for it to find that once Madison's counsel became aware that a decision had been issued even if it wasn't through the required formal channels there was some obligation to act when there wasn't any question about what the stakes were of that particular stage of the litigation because not very long before Madison's counsel had filed an opposition to a motion for summary decision and it was that deciding factor of kind of sitting around and waiting that in both under both the Seventh Circuit standard and under the ARB standard really was the say the breaking point that meant that Madison wasn't entitled to equitable tolling and since it since judicial review of that decision is under an abuse of discretion standard that is why we are asking that this court affirmed the ARB's decision dismissing her case. Thank you. Thank you counsel. Any rebuttal Mr. Hoffman? Yes. I respectfully submit that the December 1st 2017 email was never seen by me until after I prepared for the petition for refers to you can see it again I believe that separate appendix 79 was the private metered stamp Pitney Bogues and not a postal mark so December 1st is not necessarily indeed case law holds that when there's a private metered mark that you can't say that the mail was metered on or sent out on December 1st. We didn't get notice of the decision until actually December 7th and I was in the office on December 6th but as our custom we look at the mail the next day because it comes in late so we got it we looked at it we addressed it unfortunately the time to have been able to file a motion to enlarge had already expired at that time we looked at it we said we must move forward and hope that they were looking at and realized that there was a great greatest error that had committed with regard to the service that was outside of our control and you know frankly I wish that I would have I did have a motion to offer to file late but I did I didn't do it I could have wished I would have done it but we didn't think it would make a much of a difference anyway but again they had the option to to waive it accept it with or without the motion for larger based upon the errors that they had made themselves in the record. Thank you counsel. The case is taken under advisement and the court will be in recess.